UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH SIROTKIN BUTLER )<br>Plaintiff )<br>v. )<br> )<br>CHRYSLER CORPORATION )<br>Defendant ) | 05 cv 11679 JLT<br>Case No.   RECEIPT # _____<br>AMOUNT $ 250.00<br>COMPLAINT SUMMONS ISSUED ___<br>LOCAL RULE 4.1 ___<br>WAIVER FORM ___<br>MCF ISSUED ___<br>BY DPTY. CLK. M.P.<br>DATE 8/12/2005 |

**PARTIES**

1. The Plaintiff, Deborah Sirotkin Butler, is an individual who resides in Arlington, Middlesex County, Massachusetts and she is a citizen of Massachusetts.

2. The Defendant, Chrysler Corporation, is a foreign corporation with a principal place of business of 1000 Chrysler Drive, Auburn Hills, Michigan, but does extensive business in Massachusetts. Its local agent for service of process is CT Corporations Systems, 101 Federal Street, Boston, MA 02110.

MAGISTRATE JUDGE JLA

**JURISIDICTION**

3. Jurisdiction is based on diversity of citizenship of the parties and an amount in controversy of $650,000.00, in excess of jurisdictional limits.

4. Plaintiff's cause of action arises out of the transaction of business in Massachusetts.

5. Defendant was at all times engaged in the design, development, assembly, manufacture, testing, inspection, packaging, promotion, advertising, marketing and sale of motor vehicles, including the 2000 Dodge Neon, in both the State of Michigan and the Commonwealth of Massachusetts.

**FACTS**

6. Plaintiff was the owner/lessor of a 2000 Dodge Neon (the 'vehicle"). Plaintiff is four feet eleven inches tall, and must advance her seat forward to allow her to reach the pedals of the vehicle. The seat accommodates this use by the Plaintiff and such a use is a contemplated and foreseeable use of the vehicle.

7. The design of the vehicle under the steering column is such that an individual operating the vehicle with the seat moved forward is placed at risk of serious injury in the event of a collision.

8. On or about October 7, 2002, Plaintiff sustained severe injuries when she was struck in the rear while operating her 2000 Dodge Neon and was thrown into the unnecessarily hard and unyielding material located under the steering column of the vehicle.

## COUNT I

9. Plaintiff restates and realleges all of the allegations contained in Paragraphs one through eight as if expressly restated herein.

10. The injuries sustained by Plaintiff were the direct and proximate result of the carelessness and negligence of the Defendant as follows:

    a. Defendant negligently designed, developed, assembled, manufactured, inspected, tested, marketed, advertised, sold and distributed the vehicle.
    b. Defendant negligently failed to warn or instruct or adequately warn or adequately instruct Plaintiff and other users of its product of the product's dangerous and defective characteristics, and of the safe and proper method of using the product.
    c. Defendant negligently disposed of the product and placed it in the channels of trade, when it knew or with reasonable care should have known the product to be dangerous and defective in nature, design, and materials and in a dangerous and defective condition, and negligently placed the product in the channels of trace in the exercise of reasonable care ought to have foreseen would probably carry the product into contact with persons such as the Plaintiff who were ignorant of its dangerous and defective nature and condition, and Defendant negligently failed to use reasonable care to prevent injury to such persons, including the Plaintiff.

11. As a direct and proximate result of the negligence of Defendant, the Plaintiff was caused to sustain severe and permanent injury to her left knee and other areas of her body. She has been and will be disabled from her usual activities. She has incurred great expenses as a result of her injuries. She has suffered great pain of her body and mind and does not enjoy life as she did prior to the occurrence.

Wherefore, Plaintiff prays judgment against Defendant on Count I, together with interest and costs.

## COUNT II

12. Plaintiff restates and realleges all of the allegations contained in Paragraphs one through eleven as if expressly restated herein.

13. Defendant expressly and impliedly warranted to Plaintiff and to the general public that the product was safe, merchantable, and fit for its intended purposes and uses. Defendant breached its warranties because the product was unsafe, not of merchantable quality and unfit for its intended uses and purposes. Plaintiff relied on the warranties made by Defendant and Plaintiff sustained injury as the direct and proximate result of the breaches

of warranties by Defendant. Due notice has been given Defendant of its breaches of warranty.

14. The Defendant placed the defective product in the stream of commerce knowing that it would be used without substantial change and the product proved to be defective as a result of the failure of the Defendant to properly manufacture, develop, design, construct, assemble, test, package, advertise, distribute, sell and supply the product to prevent it from being or becoming unreasonably dangerous and unsafe for its foreseeable and intended use.

15. As a direct and proximate result of the breach of warranty and strict liability of Defendant, the Plaintiff was caused to sustain severe and permanent injury to her left knee and other areas of her body. She has been and will be disabled from her usual activities. She has incurred great expenses as a result of her injuries. She has suffered great pain of her body and mind and does not enjoy life as she did prior to the occurrence.

Wherefore, Plaintiff prays judgment against Defendant on Count II, together with interest and costs.

**THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY
ON ALL COUNTS SO TRIABLE.**

DEBORAH SIROTKIN BUTLER,
By her attorney,

*/s/ Jennifer M. Lamanna*

Jennifer M. Lamanna, Esq.
BBO #637434
ERCOLINI & LAMANNA
454 Broadway, Suite 306
Revere, Massachusetts 02151
Telephone: (781) 284-2768

Dated: August 12, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) **DEBORAH SIROTKIN BUTLER v. CHRYSLER CORP.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   — I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   — II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   X III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, (355) 360, 362, 365, 370, 371,
           380, 385, 450, 891.

   — IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

   — V.    150, 152, 153.

   **05-11679 JLT**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME **JENNIFER M LAMANNA, ESQ**
ADDRESS **454 BROADWAY, STE 306, REVERE, MA 02151**
TELEPHONE NO. **781-284-2768**

(CategoryForm.wpd -5/2/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
DEBORAH SIROTKIN BUTLER

**DEFENDANTS**
CHRYSLER CORPORATION

**(b)** County of Residence of First Listed Plaintiff: Middlesex
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) (781) 284-2768
Jennifer M. Lamanna, Esq., Ercolini & Lamanna
454 Broadway - Suite 306, Revere, MA 02151

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OR PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

[Nature of Suit checkboxes - 355 Motor Vehicle Product Liability marked]

**V. ORIGIN** (Place an "X" in One Box Only)
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Section 1332
Brief description of cause: Plaintiff suffered injuries due to the Defendants negligent design, breach of warranty of the 2000 Dodge Neon.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 650,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 8/2/05
SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____