UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 05-11679-JLT

DEBORAH SIROTKIN BUTLER
    Plaintiff,

v.

CHRYSLER CORPORATION
    Defendant.

**DAIMLERCHRYSLER CORPORATION'S ANSWER TO
PLAINTIFF'S COMPLAINT AND JURY DEMAND**

The Defendant DaimlerChrysler Corporation (incorrectly identified as "Chrysler Corporation") answers the serially numbered counts and paragraphs of the Plaintiff's Complaint as follows:

Parties and Jurisdiction

1.    The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.    DaimlerChrysler Corporation admits that it is a Delaware corporation formerly known as Chrysler Corporation. Defendant does not dispute jurisdiction over it, subject to discovery of facts to the contrary.

3.    This paragraph is a statement of law to which no answer is required.

2

4. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. Admitted that DaimlerChrysler Corporation engages in the sale of vehicles to authorized dealers in the Commonwealth of Massachusetts. Otherwise denied.

Facts

6. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. Denied.

8. Denied.

COUNT I

9. Defendant incorporates by reference its answers to paragraphs 1 through 8 of the Plaintiff's Complaint, as if fully set forth herein.

10. Denied.

11. Denied.

The next paragraph is a demand for judgment, to which no answer is required.

## COUNT II

12. Defendant incorporates by reference its answers to paragraphs 1 through 11 of the Plaintiff's Complaint, as if fully set forth herein.

13. Defendant admits that certain warranties may arise as a matter of law on the sale of a motor vehicle within the Commonwealth of Massachusetts. Otherwise denied.

14. Denied.

15. Denied.

The next paragraph is a demand for judgment, to which no answer is required.

## DAIMLERCHRYSLER CORPORATION'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff Deborah Sirotkin Butler is barred from recovery, or her right of recovery is reduced proportionately, by her own negligence.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's late notice of breach of warranty to the Defendant has prejudiced the Defendant, wherefore Plaintiff may not now recover.

4

### THIRD AFFIRMATIVE DEFENSE

Plaintiff Deborah Sirotkin Butler knowingly or unreasonably assumed the risk of any alleged defective condition complained of, wherefore she may not now recover.

### FOURTH AFFIRMATIVE DEFENSE

The injuries and damages alleged were caused by the negligence or other culpable conduct of a person or entity for whose conduct Defendant is not legally responsible.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to fulfill the jurisdictional and other statutory prerequisites of M.G.L. c. 93A, wherefore her claims under said statute are barred.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are the result of superseding and intervening causes, wherefore Plaintiff may not recover of this Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

Even if the subject vehicle was defective, which Defendant specifically denies, the Plaintiff is barred from recovery because she was aware of the alleged defect and nonetheless proceeded voluntarily and unreasonably to encounter a known danger.

5

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because her alleged injuries and damages were caused by her unforeseeable or unintended misuse of the product.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a cause of action for which relief can be granted.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited, in whole or in part, by her failure to act reasonably to mitigate damages allegedly caused by the Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state of the art.

### TWELFTH AFFIRMATIVE DEFENSE

If the Plaintiff is entitled to an award of damages from Defendant, then Defendant is entitled to a setoff for any amounts received by the Plaintiff from others in satisfaction of her claim for her alleged injuries.

6

## THIRTEENTH AFFIRMATIVE DEFENSE

No act or omission of Defendant proximately caused any of the Plaintiff's alleged injuries or damages.

## JURY DEMAND

DEFENDANT DAIMLERCHRYSLER CORPORATION DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.

Defendant,
DaimlerChrysler Corporation
By its attorney,

_____
Peter M. Durney, BBO # 139260
James P. Kerr, BBO # 564538
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110
(617) 482-8100

## CERTIFICATE OF SERVICE

I, James P. Kerr, attorney for the Defendant, DaimlerChrysler Corporation, hereby certify that on the 2nd day of September, 2005, a true copy of the foregoing Defendant DaimlerChrysler Corporation's Answer to Plaintiff's Complaint and Jury Demand, was served by mail, postage prepaid, directed to:

Jennifer Lamanna, Esq.
Ercolini & Lamanna
454 Broadway, Suite 306
Revere, MA 02151

_____
James P. Kerr