UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 05-11679-JLT

DEBORAH SIROTKIN BUTLER
        Plaintiff,

v.

CHRYSLER CORPORATION
        Defendant.

## ASSENTED-TO MOTION FOR PROTECTIVE ORDER
## CONCERNING CONFIDENTIAL INFORMATION

     Plaintiff Deborah Sirotkin Butler and defendant DaimlerChrysler Corporation hereby respectfully move this court, pursuant to Rule 26(c)(7) of the Federal Rules of Civil Procedure, to issue a Protective Order preserving the confidential status of certain documents containing trade secrets, proprietary material, and confidential information to be provided by the defendant in discovery.

     As grounds for this motion, the parties state that the plaintiff has requested production of certain documents that the defendant asserts contain trade secrets, proprietary material, and confidential information. The defendant has a serious and substantial interest in maintaining the confidential status of these documents. The aforesaid parties have agreed that the defendant's production shall be subject to a Stipulated-to Protective Order Concerning Confidential Information (the "Protective Order"), a copy of which is attached hereto as Exhibit 1.

The parties further submit that the proposed Protective Order will serve to meet the plaintiff's discovery needs in this case, while protecting the defendant's interest in maintaining the confidentiality of the documents.

Respectfully submitted,

| | |
|---|---|
| Plaintiff, | Defendant, |
| Deborah Sirotkin Butler | DaimlerChrysler Corporation |
| By her attorney, | By its attorneys, |
| | |
| /s/ Jennifer Lamanna_____ | /s/ James P. Kerr_____ |
| Jennifer Lamanna, BBO # 637434 | Peter M. Durney, BBO # 139260 |
| ERCOLINI & LAMANNA | James P. Kerr, BBO # 564538 |
| 454 Broadway, Suite 306 | CORNELL & GOLLUB |
| Revere, MA 02151 | 75 Federal Street |
| | Boston, MA 02110 |

## CERTIFICATE OF SERVICE

I, James P. Kerr, attorney for the defendant, DaimlerChrysler Corporation, hereby certify that on the 15th day of March, 2006, a true copy of the foregoing Assented-to Motion for Protective Order Concerning Confidential Information, will be filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be served via first-class mail, postage prepaid, upon anyone indicated as a non-registered participant, including:

Jennifer M. Lamanna, Esq.
Ercolini & Lamanna
380 Pleasant Street, Suite 2-4
Malden, MA  02148


         /s/ James P. Kerr_____
         James P. Kerr

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH SIROTKIN BUTLER<br>Plaintiff,<br><br>v.<br><br>DAIMLERCHRYSLER CORPORATION<br>Defendant | ) NO.: 05-11679-JLT<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### STIPULATED PROTECTIVE ORDER

It is hereby stipulated and agreed, by and between the parties, that the production by Defendant DaimlerChrysler Corporation of certain documents and information that contain trade secrets or other commercially sensitive or proprietary information will be governed by the following terms, restrictions and conditions.

### DOCUMENTS

This order shall apply to those documents DaimlerChrysler Corporation has agreed to produce subject to a protective order in its written responses to discovery requests, those documents which the Court orders to be produced subject to a protective order, and to those documents as to which the parties may subsequently agree this protective order applies. DaimlerChrysler Corporation will mark those documents "subject to protective order" or a similar designation to identify the documents to which this order applies.

1. Documents designated protected and the information contained therein shall be disclosed only to counsel of record in this action or only to individuals certified by such counsel as employed by or assisting counsel in preparation for, or at the trial of, this action. Counsel shall maintain a list of all persons to whom protected materials are disclosed and that identifies the protected materials disclosed.

2. Any person or firm to whom such documents and/or information contained therein is to be disclosed shall first be advised by counsel making that disclosure that, pursuant to this Protective Order, such person or firm may not divulge any such information to any other person.

3. In the event that any document or the information contained therein is included with, or the contents thereof are in any way disclosed, in any pleading, motion, deposition transcript or other paper filed with Clerk of any Court, such protected documents and information shall be filed under seal and maintained under seal by the Clerk until further order of this Court. The use of any protected document or of the information contained therein and any testimony associated with the protected information contained therein shall be held *in camera,* if necessary, to prevent disclosure to non-parties, or otherwise under such circumstances as will prevent the inadvertent disclosure of such documents and information, unless the Court orders otherwise upon good cause shown. This paragraph shall not apply with respect to documents admitted into evidence as exhibits at the trial of this matter. DaimlerChrysler Corporation reserves the right, however, to petition the Court for protection with respect to such documents admitted into evidence as exhibits at trial.

4.  The production of any documents or other physical objects by DaimlerChrysler Corporation or any other party to this action, shall not constitute a waiver of the attorney-client or work product privilege, if the producing party: (1) notifies the receiving party that such documents or things were inadvertently produced and are subject to attorney-client or work product privilege; and (2) requests that the receiving party return any such documents or things. The receiving party shall also immediately notify DaimlerChrysler Corporation if they receive materials which, on their face, appear subject to privilege. Nothing in this paragraph circumvents applicable case law pertaining to attorney-client privilege or work product doctrine.

5.  Upon the termination of this action, all copies furnished by DaimlerChrysler Corporation to Plaintiff or any other party to this action, together with all originals and copies of notes, sketches, data, compilations, extracts and reproductions furnished by DaimlerChrysler Corporation, shall be returned to counsel for DaimlerChrysler Corporation, together with a letter from Plaintiff's counsel, or any other party to this action, that all documents, copies of such documents which were provided by DaimlerChrysler Corporation have been returned to DaimlerChrysler Corporation.

_____
District Court Judge

DATED: This _____ day of _____, 2006.

_____   _____
Attorneys for Plaintiff                                   Attorneys for DaimlerChrysler
                                                          Corporation