UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 05-11679-JLT

DEBORAH SIROTKIN BUTLER
    Plaintiff,

v.

CHRYSLER CORPORATION
    Defendant.

**DEFENDANT DAIMLERCHRYSLER CORPORATION'S RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant DaimlerChrysler Corporation contends that there is no genuine issue to be tried with regard to the following material facts of record.

1.    Plaintiff filed her Complaint against DaimlerChrysler Corporation on August 12, 2005 in the United States District Court for the District of Massachusetts, alleging that "[t]he design of the [subject 2000 Dodge Neon] under the steering column is such that an individual operating the vehicle with the seat moved forward is placed at risk of serious injury in the event of a collision." See Complaint, attached hereto as Exhibit A, at ¶7.

2.    Plaintiff claims that she "sustained severe injuries when she was struck in the rear while operating her 2000 Dodge Neon and was thrown into the unnecessarily hard and unyielding material located under the steering column of the vehicle." See id. at ¶8. DaimlerChrysler Corporation denied these allegations in its answer, dated September 2, 2005.

- 2 -

See DaimlerChrysler Corporation's Answer to Plaintiff's Complaint and Jury Demand, attached hereto as Exhibit B, at ¶¶7 and 8.

3.     Plaintiff testified in deposition that she has never taken a course in mechanical engineering, has never designed an automobile and does not hold herself out as having any expertise in mechanical engineering or automobile design. See Volume Two of Deposition of Deborah Sirotkin Butler, dated April 7, 2006, attached hereto as Exhibit C, at p. 226.

4.     At the Scheduling Conference held on May 9, 2006, the Court set a deadline of August 31, 2006 for the Plaintiff to "file expert designations," and a deadline of September 29, 2006 to "file expert reports." See Court's Order, dated May 9, 2006, attached hereto as Exhibit D.

5.     Plaintiff did not meet the August 31, 2006 deadline set by the Court in the Scheduling Order. The Plaintiff did not provide any expert designation of any kind to DaimlerChrysler Corporation prior to or on August 31, 2006.

6.     Plaintiff did not meet the September 29, 2006 due date set by the Scheduling Order.  The Plaintiff did not provide any expert report of any kind to DaimlerChrysler Corporation prior to or on September 29, 2006.

- 3 -

        Respectfully submitted,
        Defendant,
        DaimlerChrysler Corporation,
        By its attorneys,


        /s/ Peter M. Durney_____
        Peter M. Durney, BBO # 139260
            PDurney@cornellgollub.com
        James P. Kerr, BBO # 564538
            JKerr@cornellgollub.com
        CORNELL & GOLLUB
        75 Federal Street
        Boston, MA 02110
        (617) 482-8100


## CERTIFICATE OF SERVICE

     I, Peter M. Durney, attorney for the defendant, DaimlerChrysler Corporation, hereby certify that on the 13th day of November, 2006, a true copy of the foregoing Defendant DaimlerChrysler Corporation's Rule 56.1 Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment, will be filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be served via first-class mail, postage prepaid, upon anyone indicated as a non-registered participant, including:

Jennifer M. Lamanna, Esq.
ERCOLINI & LAMANNA
380 Pleasant Street, Suite 2-4
Malden, MA 02148


        /s/ Peter M. Durney_____
        Peter M. Durney

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH SIROTKIN BUTLER ) | |
| Plaintiff ) | |
| v. ) | Case No. 05 11679 JLT |
| ) | |
| CHRYSLER CORPORATION ) | **COMPLAINT** |
| Defendant ) | |

## PARTIES

1. The Plaintiff, Deborah Sirotkin Butler, is an individual who resides in Arlington, Middlesex County, Massachusetts and she is a citizen of Massachusetts.

2. The Defendant, Chrysler Corporation, is a foreign corporation with a principal place of business of 1000 Chrysler Drive, Auburn Hills, Michigan, but does extensive business in Massachusetts. Its local agent for service of process is CT Corporations Systems, 101 Federal Street, Boston, MA 02110.

## JURISIDICTION

3. Jurisdiction is based on diversity of citizenship of the parties and an amount in controversy of $650,000.00, in excess of jurisdictional limits.

4. Plaintiff's cause of action arises out of the transaction of business in Massachusetts.

5. Defendant was at all times engaged in the design, development, assembly, manufacture, testing, inspection, packaging, promotion, advertising, marketing and sale of motor vehicles, including the 2000 Dodge Neon, in both the State of Michigan and the Commonwealth of Massachusetts.

## FACTS

6. Plaintiff was the owner/lessor of a 2000 Dodge Neon (the 'vehicle"). Plaintiff is four feet eleven inches tall, and must advance her seat forward to allow her to reach the pedals of the vehicle. The seat accommodates this use by the Plaintiff and such a use is a contemplated and foreseeable use of the vehicle.

7. The design of the vehicle under the steering column is such that an individual operating the vehicle with the seat moved forward is placed at risk of serious injury in the event of a collision.

8. On or about October 7, 2002, Plaintiff sustained severe injuries when she was struck in the rear while operating her 2000 Dodge Neon and was thrown into the unnecessarily hard and unyielding material located under the steering column of the vehicle.

## COUNT I

9. Plaintiff restates and realleges all of the allegations contained in Paragraphs one through eight as if expressly restated herein.

10. The injuries sustained by Plaintiff were the direct and proximate result of the carelessness and negligence of the Defendant as follows:

    a. Defendant negligently designed, developed, assembled, manufactured, inspected, tested, marketed, advertised, sold and distributed the vehicle.
    b. Defendant negligently failed to warn or instruct or adequately warn or adequately instruct Plaintiff and other users of its product of the product's dangerous and defective characteristics, and of the safe and proper method of using the product.
    c. Defendant negligently disposed of the product and placed it in the channels of trade, when it knew or with reasonable care should have known the product to be dangerous and defective in nature, design, and materials and in a dangerous and defective condition, and negligently placed the product in the channels of trace in the exercise of reasonable care ought to have foreseen would probably carry the product into contact with persons such as the Plaintiff who were ignorant of its dangerous and defective nature and condition, and Defendant negligently failed to use reasonable care to prevent injury to such persons, including the Plaintiff.

11. As a direct and proximate result of the negligence of Defendant, the Plaintiff was caused to sustain severe and permanent injury to her left knee and other areas of her body. She has been and will be disabled from her usual activities. She has incurred great expenses as a result of her injuries. She has suffered great pain of her body and mind and does not enjoy life as she did prior to the occurrence.

Wherefore, Plaintiff prays judgment against Defendant on Count I, together with interest and costs.

## COUNT II

12. Plaintiff restates and realleges all of the allegations contained in Paragraphs one through eleven as if expressly restated herein.

13. Defendant expressly and impliedly warranted to Plaintiff and to the general public that the product was safe, merchantable, and fit for its intended purposes and uses. Defendant breached its warranties because the product was unsafe, not of merchantable quality and unfit for its intended uses and purposes. Plaintiff relied on the warranties made by Defendant and Plaintiff sustained injury as the direct and proximate result of the breaches

of warranties by Defendant. Due notice has been given Defendant of its breaches of warranty.

14. The Defendant placed the defective product in the stream of commerce knowing that it would be used without substantial change and the product proved to be defective as a result of the failure of the Defendant to properly manufacture, develop, design, construct, assemble, test, package, advertise, distribute, sell and supply the product to prevent it from being or becoming unreasonably dangerous and unsafe for its foreseeable and intended use.

15. As a direct and proximate result of the breach of warranty and strict liability of Defendant, the Plaintiff was caused to sustain severe and permanent injury to her left knee and other areas of her body. She has been and will be disabled from her usual activities. She has incurred great expenses as a result of her injuries. She has suffered great pain of her body and mind and does not enjoy life as she did prior to the occurrence.

Wherefore, Plaintiff prays judgment against Defendant on Count II, together with interest and costs.

**THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY
ON ALL COUNTS SO TRIABLE.**

DEBORAH SIROTKIN BUTLER,
By her attorney,

Jennifer M. Lamanna, Esq.
BBO #637434
ERCOLINI & LAMANNA
454 Broadway, Suite 306
Revere, Massachusetts 02151
Telephone:   (781) 284-2768

Dated: August 12, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 05-11679-JLT

DEBORAH SIROTKIN BUTLER
    Plaintiff,

v.

CHRYSLER CORPORATION
    Defendant.

### DAIMLERCHRYSLER CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

The Defendant DaimlerChrysler Corporation (incorrectly identified as "Chrysler Corporation") answers the serially numbered counts and paragraphs of the Plaintiff's Complaint as follows:

Parties and Jurisdiction

1.    The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

2.    DaimlerChrysler Corporation admits that it is a Delaware corporation formerly known as Chrysler Corporation. Defendant does not dispute jurisdiction over it, subject to discovery of facts to the contrary.

3.    This paragraph is a statement of law to which no answer is required.

2

4. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. Admitted that DaimlerChrysler Corporation engages in the sale of vehicles to authorized dealers in the Commonwealth of Massachusetts. Otherwise denied.

Facts

6. The Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

7. Denied.

8. Denied.

**COUNT I**

9. Defendant incorporates by reference its answers to paragraphs 1 through 8 of the Plaintiff's Complaint, as if fully set forth herein.

10. Denied.

11. Denied.

The next paragraph is a demand for judgment, to which no answer is required.

3

## COUNT II

12.     Defendant incorporates by reference its answers to paragraphs 1 through 11 of the Plaintiff's Complaint, as if fully set forth herein.

13.     Defendant admits that certain warranties may arise as a matter of law on the sale of a motor vehicle within the Commonwealth of Massachusetts. Otherwise denied.

14.     Denied.

15.     Denied.

The next paragraph is a demand for judgment, to which no answer is required.

## DAIMLERCHRYSLER CORPORATION'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff Deborah Sirotkin Butler is barred from recovery, or her right of recovery is reduced proportionately, by her own negligence.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's late notice of breach of warranty to the Defendant has prejudiced the Defendant, wherefore Plaintiff may not now recover.

4

## THIRD AFFIRMATIVE DEFENSE

Plaintiff Deborah Sirotkin Butler knowingly or unreasonably assumed the risk of any alleged defective condition complained of, wherefore she may not now recover.

## FOURTH AFFIRMATIVE DEFENSE

The injuries and damages alleged were caused by the negligence or other culpable conduct of a person or entity for whose conduct Defendant is not legally responsible.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to fulfill the jurisdictional and other statutory prerequisites of M.G.L. c. 93A, wherefore her claims under said statute are barred.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are the result of superseding and intervening causes, wherefore Plaintiff may not recover of this Defendant.

## SEVENTH AFFIRMATIVE DEFENSE

Even if the subject vehicle was defective, which Defendant specifically denies, the Plaintiff is barred from recovery because she was aware of the alleged defect and nonetheless proceeded voluntarily and unreasonably to encounter a known danger.

5

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because her alleged injuries and damages were caused by her unforeseeable or unintended misuse of the product.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a cause of action for which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are limited, in whole or in part, by her failure to act reasonably to mitigate damages allegedly caused by the Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiff were not discoverable using prevailing research and scientific techniques under the then-existing state of the art.

## TWELFTH AFFIRMATIVE DEFENSE

If the Plaintiff is entitled to an award of damages from Defendant, then Defendant is entitled to a setoff for any amounts received by the Plaintiff from others in satisfaction of her claim for her alleged injuries.

6

## THIRTEENTH AFFIRMATIVE DEFENSE

No act or omission of Defendant proximately caused any of the Plaintiff's alleged injuries or damages.

## JURY DEMAND

DEFENDANT DAIMLERCHRYSLER CORPORATION DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.

                Defendant,
                DaimlerChrysler Corporation
                By its attorney,

                _____
                Peter M. Durney, BBO # 139260
                James P. Kerr, BBO # 564538
                CORNELL & GOLLUB
                75 Federal Street
                Boston, MA 02110
                (617) 482-8100

## CERTIFICATE OF SERVICE

I, James P. Kerr, attorney for the Defendant, DaimlerChrysler Corporation, hereby certify that on the ____ day of September, 2005, a true copy of the foregoing Defendant DaimlerChrysler Corporation's Answer to Plaintiff's Complaint and Jury Demand, was served by mail, postage prepaid, directed to:

Jennifer Lamanna, Esq.
Ercolini & Lamanna
454 Broadway, Suite 306
Revere, MA 02151

                _____
                James P. Kerr

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DEBORAH SIROTKIN BUTLER, *
 *
Plaintiff, *
 *
v. * Civil Action No. 05-11679-JLT
 *
CHRYSLER CORPORATION, *
 *
Defendant. *

ORDER

May 9, 2006

TAURO, J.

After a conference held on May 9, 2006, this court hereby orders that:

1. Plaintiff may depose: (1) Guy Newholtz;

2. Plaintiff shall complete the abovementioned deposition on or before July 31, 2006;

3. Plaintiff has until August 31, 2006 to file expert designations;

4. Plaintiff has until September 29, 2006 to file expert reports;

5. Defendant has until November 30, 2006 to file its expert designations and expert reports; and

6. A Final Pretrial Conference will be held on December 5, 2006 at 10:00 a.m.

IT IS SO ORDERED.

/s/ Joseph L. Tauro
United States District Judge

Deborah Sirotkin Butler

```
                                                              131
 1                              Volume: 2
 2                              Pages:   131 - 235
 3                              Exhibits:  Indexed
 4          UNITED STATES DISTRICT COURT
 5            DISTRICT OF MASSACHUSETTS
 6   Civil Action No. 05-11679-JLT
 7
 8   ------------------------------------X
 9   DEBORAH SIROTKIN BUTLER,
10         Plaintiff
11   v.
12   CHRYSLER CORPORATION,
13         Defendant
14   ------------------------------------X
15
16
17
18       CONTINUED DEPOSITION OF DEBORAH SIROTKIN BUTLER
19       Friday, April 7, 2006, 10:14 a.m. to 12:31 p.m.
20                       Cornell & Gollub
21       75 Federal Street, Boston, Massachusetts
22
23
24         Reporter:   Caroline T. Renault, CSR/RPR
```

JONES REPORTING COMPANY
617-451-8900

226

1    Q. Your education is obviously you graduated
2  college?
3    A. Correct.
4    Q. And you have been to law school?
5    A. Correct.
6    Q. Did you ever take any courses in mechanical
7  engineering?
8    A. No.
9    Q. Do you hold yourself out as having expertise
10 in mechanical engineering?
11   A. No.
12   Q. Do you hold yourself out as having expertise
13 in automobile design?
14   A. No.
15   Q. And you never designed an automobile?
16   A. No. I designed earrings.
17   Q. You never designed an automobile?
18   A. No.
19   Q. You never thought about designing an
20 automobile?
21   A. No, I haven't.
22           MR. KERR:   Okay. That's all I have.
23 That's really it.
24           MS. LAMANNA:   I just have a couple of