UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 05-11679-JLT

DEBORAH SIROTKIN BUTLER
          Plaintiff,

v.

CHRYSLER CORPORATION
          Defendant.

**DAIMLERCHRYSLER CORPORATION'S MOTION TO COMPEL PLAINTIFF TO
PRODUCE EXECUTED MEDICAL RECORD RELEASES OR A COMPLETE SET OF
MEDICAL RECORDS IN LIEU OF THOSE RELEASES AND REQUEST
FOR ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1(D)**

Defendant DaimlerChrysler Corporation hereby moves this Court, pursuant to Fed. R. Civ.

P. 37(a), to compel plaintiff Deborah Sirotkin Butler to produce executed medical record releases to

the respective radiology departments of Metrowest Medical Center, Cambridge Hospital, and the

Lahey Clinic Medical Center within three (3) days of allowance of this motion, for the following

records:  CT scan films of the plaintiff's right foot and ankle taken on September 24, 2001; cervical

spine and x-ray films taken on July 20, 2001; and any x-ray, MRI and CT scan films from 2001 to

the present.

A proposed Order is attached as Exhibit A.

A Certificate of Compliance with Local Rules 7.1(D) and 37.1 is attached as Exhibit B.

In support of this motion, DaimlerChrysler Corporation states the following:

2

1.    The present action arises out of a motor vehicle accident that allegedly occurred on October 7, 2002, involving a 2000 Dodge Neon being operated by plaintiff Deborah Sirotkin Butler.  Plaintiff alleges, among other things, that she was injured in the subject accident as a result of DaimlerChrysler Corporation's negligence and/or breach of express and implied warranties.

2.    The plaintiff also testified at her deposition that she had been involved in a prior motor vehicle accident on July 30, 2001, in which she alleged to have sustained a cervical strain, a knee injury, a sprained neck, a sprained shoulder, sprained metatarsals in her right ankle, and a severely injured big right toe.  See Deposition of Deborah Sirotkin Butler, dated March 15, 2006, at pp. 31 and 44-45, attached hereto as Exhibit C.

3.    DaimlerChrysler Corporation served its First Request for Production of Documents and Things to the plaintiff on February 1, 2006.  See Defendant DaimlerChrysler Corporation's First Request for Production of Documents and Things to Plaintiff Deborah Sirotkin Butler, attached hereto as Exhibit D.  Among the documents requested were

> [y]our hospital, medical, ambulance, or doctor's records, *including x-rays*, for ten (10) years preceding the subject incident. (Releases to the appropriate doctors and hospitals from plaintiff will suffice in lieu of production.)  See id. at Request No. 7 (emphasis added).

4.    As of this date, the plaintiff has provided DaimlerChrysler Corporation with no formal response of any kind to this request, or any of its other Requests for Production, although such responses were due by March 3, 2006.  See Exhibit B at ¶2.

5.    In the course of discovery, the plaintiff produced an executed release providing for the production of "all records including results of diagnostic testing, doctors [sic] visits and

3

physical therapy" from Lahey Clinic Medical Center. See Release, dated January 31, 2006, attached hereto as Exhibit E. Although DaimlerChrysler Corporation forwarded the release to the Lahey Clinic Medical Center on April 4, 2006, see letter attached hereto as Exhibit F, it received no CT scan, MRI, or x-ray films from that provider. See Exhibit B at ¶3. It is the defendant's understanding that a separate release is required to obtain these items from Lahey Clinic Medical Center's radiology department.

6.     Defendant contacted plaintiff's counsel by letter on October 17, 2006 to request the plaintiff's execution of enclosed HIPAA-compliant releases for plaintiff's medical records to the respective radiology departments of Metrowest Medical Center, Cambridge Hospital, and the Lahey Clinic Medical Center seeking, respectively, CT scans of the plaintiff's right foot and ankle taken on September 24, 2001; cervical spine and x-ray films taken on July 20, 2001; and any x-ray, MRI and CT scan films from 2001 to the present. See letter, and enclosed releases, dated October 17, 2006, attached hereto as Exhibit G.

7.     Plaintiff responded to that request on November 3, 2006, claiming incorrectly in a letter from plaintiff's counsel that plaintiff had already provided applicable releases and seeking an explanation as to what materials the defendant sought through the additional releases and its reasons for seeking those materials. See Exhibit B at ¶5.

8.     Defendant responded to that letter through counsel with the following explanation in a faxed letter on November 6, 2006: "The items we seek in the releases are as follows:   CT scan films of the plaintiff's right foot and ankle taken on September 24, 2001; cervical spine and x-ray films taken on July 20, 2001; and any x-ray, MRI and CT scan films from 2001 to the present.   These records go to plaintiff's pre-accident physical condition and to the potential

4

causes of her alleged injuries, and should long since have been produced." To date, plaintiff has not provided DaimlerChrysler Corporation with the requested executed releases or the records sought from the respective radiology departments of Metrowest Medical Center, Cambridge Hospital, and the Lahey Clinic Medical Center in lieu of those releases.  See Exhibit B at ¶6.

9.      As of this date, the defendant has received no response from the plaintiff to its letter of November 6, 2006.  DaimlerChrysler Corporation is entitled to, and should have received, the executed releases or a complete set of medical records sought from the respective radiology departments of Metrowest Medical Center, Cambridge Hospital, and the Lahey Clinic Medical Center in lieu of those releases, and now seeks an order of this Court compelling that relief.

10.      The records the defendant seeks to obtain through the requested releases are sought in order to evaluate plaintiff's physical condition prior to the subject incident and to determine the potential impact of the motor vehicle accident of July 30, 2001 on plaintiff's physical condition subsequent to the subject incident.  The defendant is plainly entitled to these records.  With a due date of November 30, 2006 pending for DaimlerChrysler Corporation's expert disclosure, plaintiff must immediately produce either all of the records described on page 1 above and in the Order attached as Exhibit A, or provide signed releases that will allow the defendant to obtain those records.

WHEREFORE, DaimlerChrysler Corporation respectfully requests that this Court issue an Order in the form attached (Exhibit A), compelling plaintiff to provide the defendant with executed copies of the requested medical record releases to the respective radiology departments of Metrowest Medical Center, Cambridge Hospital, and the Lahey Clinic Medical Center, or, in

lieu of those releases, a complete set of the medical records sought from those three providers, within three (3) days of allowance of this motion.

## REQUEST FOR HEARING

In accordance with Local Rule 7.1(D), the defendant requests a hearing on this motion if such motion is opposed.

Respectfully submitted,
Defendant,
DaimlerChrysler Corporation,
By its attorneys,


/s/  James P. Kerr_____
Peter M. Durney, BBO # 139260
     PDurney@cornellgollub.com
James P. Kerr, BBO # 564538
     JKerr@cornellgollub.com
CORNELL & GOLLUB
75 Federal Street
Boston, MA 02110
(617) 482-8100


## CERTIFICATE OF SERVICE

I, James P. Kerr, attorney for the defendant, DaimlerChrysler Corporation, hereby certify that on the 15th day of November, 2006, a true copy of the foregoing DaimlerChrysler Corporation's Motion to Compel Plaintiff to Produce Executed Medical Record Releases or a Complete Set of Medical Records in Lieu of Those Releases and Request for Oral Argument Pursuant to Local Rule 7.1(D), will be filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing.


/s/ James P. Kerr_____
James P. Kerr

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 05-11679-JLT

DEBORAH SIROTKIN BUTLER
            Plaintiff,

v.

CHRYSLER CORPORATION
            Defendant.

## **ORDER**

It is hereby ordered that the plaintiff shall, within three (3) days of the entry of this Order,

provide to Defendant DaimlerChrysler Corporation executed releases for the respective

radiology departments of Metrowest Medical Center, Cambridge Hospital, and the Lahey Clinic

Medical Center or, in lieu of those releases, a complete set of the medical records sought by

those releases.

_____
                              Tauro, J.

Date:

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 05-11679-JLT

DEBORAH SIROTKIN BUTLER
        Plaintiff,

v.

CHRYSLER CORPORATION
        Defendant.

## CERTIFICATE OF CONSULTATION

I, James P. Kerr, hereby depose and state:

1.     In connection with this matter, I represent the defendant DaimlerChrysler Corporation.

2.     On February 1, 2006, I served DaimlerChrysler Corporation's First Request for Production of Documents and Things to Plaintiff, which included requests for the plaintiff's hospital, medical, ambulance, or doctor's records both related to the subject incident and for the ten years preceding the incident. A copy of that Request is attached to the accompanying motion as Exhibit D. Since that time, the plaintiff has provided the defendant with no formal responses to any of those requests, which were due by March 3, 2006.

3.     In the course of discovery, the plaintiff provided a release to Lahey Clinic Medical Center, a copy of which is attached to the accompanying motion as Exhibit E. Although DaimlerChrysler Corporation provided that release to Lahey Clinic Medical Center, see letter

attached to accompanying motion as Exhibit F, the records which DaimlerChrysler Corporation received from Lahey Clinic Medical Center did not include any CT scan, MRI, or x-ray films. It is the defendant's understanding that a separate release is required for the production of those items.

4.     On October 17, 2006, I sent a letter to plaintiff's counsel on behalf of DaimlerChrysler Corporation requesting that plaintiff execute enclosed HIPAA-compliant releases to the respective radiology departments of Metrowest Medical Center, Cambridge Hospital, and the Lahey Clinic Medical Center seeking, respectively, CT scans of the plaintiff's right foot and ankle taken on September 24, 2001; cervical spine and x-ray films taken on July 20, 2001; and any x-ray, MRI and CT scan films from 2001 to the present.  A copy of that letter is attached to the accompanying motion as Exhibit G.

5.     Plaintiff responded to that request on November 3, 2006, claiming incorrectly in a letter from plaintiff's counsel that plaintiff had already provided applicable releases and seeking an explanation as to what materials the defendant sought through the additional releases and its reasons for seeking those materials.  See Exhibit 1, attached hereto.

6.     Defendant responded to that letter through counsel with the following explanation in a faxed letter on November 6, 2006: "The items we seek in the releases are as follows:  CT scan films of the plaintiff's right foot and ankle taken on September 24, 2001; cervical spine and x-ray films taken on July 20, 2001; and any x-ray, MRI and CT scan films from 2001 to the present. These records go to plaintiff's pre-accident physical condition and to the potential causes of her alleged injuries, and should long since have been produced."  See Exhibit 2, attached hereto.

7. As of this date, defendant has received no response from the plaintiff to the letter of November 6, 2006.

 Signed under the pains and penalties of perjury this 15th day of November, 2006.

     /s/ James P. Kerr_____
     James P. Kerr

**Ercolini & Lamanna**
**380 Pleasant Street, Suite 2-4**
**Malden, MA 02148**



Arthur P. Ercolini, Esq.
Jennifer M. Lamanna, Esq.

Telephone: (781) 324-2425
Facsimile: (781) 324-2483

November 3, 2006

James P. Kerr, Esq.
Cornell & Gollub
75 Federal Street
Boston, MA 02110

RE:    Deborah Sirotkin Butler v. DaimlerChrysler Corp.
       USDC C.A. 05-11679-JLT

Dear Attorney Kerr:

Enclosed please find copies of the exhibits marked at the deposition of Mark Crossman, per your request. While I believe these documents to already be in the possession of discovery counsel, I am happy to provide Daimler Chrysler with another set.

With regard to your reference to Ms. Butler's "failure" to execute the second set of releases sent by your office, we consider these requests to be duplicative of the previous requests for disclosure. The request for my client's signature on these releases was not accompanied by any explanation of the need for additional authorization to Cornell & Gollub, and we are reluctant to provide that authorization without more information about the basis for this second request.

Should you have any questions or concerns please do not hesitate to contact me.

Very truly yours,

Jennifer M. Lamanna
JML/jm

Enclosure

RECEIVED
NOV - 6 2006
CORNELL & GOLLUB

# CORNELL & GOLLUB
### ATTORNEYS AT LAW
75 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110

TELEPHONE (617) 482-8100
TELECOPIER (617) 482-3917
cgmail@cornellgollub.com

DAVID H. SEMPERT
PETER M. DURNEY*▵
DAVID W. McGOUGH**▵
THOMAS A. PURSLEY◇+
MARIE CHADEAYNE CHAFE▵
JAMES P. KERR▵
PATRICIA A. HARTNETT◇
GREGG P. BAILEY▵
CHRISTINE A. KNIPPER
CARLO F. BONAVITA
JESSICA L. FRITZ✫▵
NORAH K. MALLAM✫
PAUL R. KENNEDY
LORENA D. CAMPOZANO

ROBERT W. CORNELL
(1910-1987)
KARL L. GOLLUB
(1934-1985)

RHODE ISLAND OFFICE

148 MAIN STREET
WAKEFIELD, RHODE ISLAND 02879

TELEPHONE (401) 782-2072
TELECOPIER (401) 782-4941

▵ ALSO ADMITTED IN CONNECTICUT
* ALSO ADMITTED IN MAINE
✫ ALSO ADMITTED IN NEW HAMPSHIRE
◇ ALSO ADMITTED IN NEW YORK
** ALSO ADMITTED IN PENNSYLVANIA
◇ ALSO ADMITTED IN RHODE ISLAND

November 6, 2006

Jennifer Lamanna, Esq.                    **VIA FACSIMILE**
ERCOLINI & LAMANNA
380 Pleasant Street, Suite 24
Malden, MA  02148

RE:    Deborah Sirotkin Butler v. DaimlerChrysler Corporation

Dear Ms. Lamanna:

This will respond to your letter of November 3, 2006, to which are attached exhibits to the deposition of Mark Crossman.

I also asked you in my October 18, 2006 letter to forward the exhibits to the deposition of Guy Nusholtz.  Please forward those immediately.  My understanding from discovery counsel is that they never received copies of either the Crossman or the Nusholtz exhibits, both of which you retained after the depositions.

The items we seek in the releases are as follows:  CT scan films of the plaintiff's right foot and ankle taken on September 24, 2001; cervical spine and x-ray films taken on July 20, 2001; and any x-ray, MRI and CT scan films from 2001 to the present.  These records go to plaintiff's pre-accident physical condition and to the potential causes of her alleged injuries, and should long since have been produced.  Please return signed releases immediately.

Very truly yours,

James P. Kerr

JPK/bmh

1

1    Volume:   I

2    Pages:   1-130

3    Exhibits:   A-O

4

5              UNITED STATES DISTRICT COURT

6                DISTRICT OF MASSACHUSETTS

7

8    Civil Action No. 05-11679-JLT

9    - - - - - - - - - - - - - - - - - - - x

10    DEBORAH SIROTKIN BUTLER,

11                  Plaintiff,

12    vs.

13

14    CHRYSLER CORPORATION,

15                  Defendant.

16    - - - - - - - - - - - - - - - - - - - x

17

18          DEPOSITION OF DEBORAH SIROTKIN BUTLER

19              Wednesday, March 15, 2006

20                  Cornell & Gollub

21                  75 Federal Street

22                Boston, Massachusetts

23        Commencing at 10:15 a.m. - 2:28 p.m.

24        Reporter:  Karen A. Morgan, CSR/RPR

Deborah Sirotkin Butler

31

1    Q.   Had you had any problems with the Neon prior

2  to October 7, 2002?

3    A.   I was in one other auto accident.

4    Q.   Was that at -- we have received records from

5  Commerce and Liberty Mutual.

6    A.   Sure.

7    Q.   And that's a record of a July 30, 2001

8  accident.

9    A.   Right.  I was on my way to Framingham

10  Juvenile Court and I was in a right travel lane and

11  this lady in an SUV decided to turn and apparently she

12  didn't see me and turned through my car from behind.

13    Q.   Was that Barbara Hannigan?

14    A.   It might have been.  I remember what she

15  looked like.  I don't remember her name.  Tall blonde

16  lady.  I notice tall.

17            MS. LAMANNA:  Can we go off the record?

18            MR. KERR:  Yes.

19         (Discussion off the record.)

20         (Exhibit C was marked

21            for identification.)

22            (A break was taken.)

23    Q.   Back on the record.  I marked a Commonwealth

24  of Massachusetts operators report of motor vehicle

Deborah Sirotkin Butler

44

1   pain or problem in the knee.  Where I had continuing

2   pain and problem was my right shoulder and my right

3   foot.  My knee didn't require follow-up treatment.  It

4   didn't -- nothing happened.  It didn't hurt.  It wasn't

5   stiff, nothing, but I had various and sundry bruises

6   and scrapes and scratches from that one because she

7   really did hit me very hard.

8        Q.    You said you had continuing knee pain at the

9   time?

10       A.    No, I didn't is what I said.  I had no

11  continuing knee pain.  I had a bruise on my knee.

12       Q.    Was that as a result of the accident or did

13  that come from some other source?

14       A.    I presume it was a result of the accident.  I

15  had other bruises, scratches and scrapes.  I had red

16  marks from every where the restraint was on my body for

17  example.  That was a hard hit.

18       Q.    In your judgment what were the primary

19  injuries that you sustained from the July 30, '01

20  accident?

21       A.    I sustained a sprained neck, a sprained

22  shoulder, sprained metatarsals in right ankle and a

23  severely injured, it sounds stupid, big toe on the

24  right foot where the whole toe turned purple and the

Deborah Sirotkin Butler

45

1    nail fell off and the physical therapist called it a

2    set of twisting shaking injuries because of being hit

3    on an angle and I had physical therapy for the shoulder

4    which is still not right.  It will crack and pop and I

5    use heat on it several times a week.  Whatever happened

6    to the shoulder.

7        Q.    Did you have any problems with your knee

8    prior to July 30, '01?  Your left knee.

9        A.    I'm trying to think of if I had specific left

10   knee problems and what I can say is I have had lots of

11   physical problems.  I don't remember my left kneel

12   being a negative super star.  For example, I was born

13   with double club feet and I had both feet and legs

14   rebuilt.  I have had to learn to walk more than once.

15   So when it comes to structural problems, I have had

16   lots of them but I can't -- I don't recall having a

17   specific problem with the left knee.

18       Q.    Now there's a third page to Exhibit E and I

19   just want to draw your attention to that handwriting at

20   the top of the page.  Is that yours?

21       A.    Yes.

22       Q.    Okay.  Do you remember preparing this

23   document?

24       A.    No, but I recognize my handwriting but it's

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 05-11679-JLT

DEBORAH SIROTKIN BUTLER
　　　　Plaintiff,

v.

CHRYSLER CORPORATION
　　　　Defendant.

**DEFENDANT DAIMLERCHRYSLER CORPORATION'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF
DEBORAH SIROTKIN BUTLER**

Defendant DaimlerChrysler Corporation hereby requests Deborah Sirotkin Butler to produce the documents and things described below for inspection and copying at the offices of Cornell & Gollub, 75 Federal Street, Boston, MA 02110, within thirty (30) days of service hereof pursuant to Federal Rule of Civil Procedure 34.

**Instructions**

When responding to these requests, you are obligated to furnish all information and documents in the possession, custody, or control of you, your attorneys, employees, agents or any other person acting on your behalf or on whose behalf you are acting.

In lieu of producing records for inspection and copying on the required date, DaimlerChrysler Corporation requests copies of materials and documents, and offers to pay a reasonable sum for producing such records.

**Definitions**

1.　　　The "subject incident," as used herein, refers to the automobile incident that allegedly occurred on or about October 7, 2002 and that is the subject of plaintiff's Complaint.

2

2.     The "subject vehicle," as used herein, refers to the 2000 Dodge Neon that plaintiff alleges was involved in the subject incident, and that is the subject of plaintiff's Complaint.

Please see also L.R. 26.5 of the Local Rules of the United States District Court for the District of Massachusetts, entitled "Uniform Definitions in Discovery Requests."

### Documents and Things to be Produced

1.     The subject vehicle and all component parts which were ever removed therefrom, with inspection to occur on a mutually agreeable date and time.

2.     All W-2s and federal and state income tax returns of Deborah Sirotkin Butler, as well as any other records of your income for the year of the subject incident, the five (5) years preceding the subject incident, and each year since the subject incident.

3.     All photographs, slides, negatives, films, or videotapes, in your possession or control, depicting the subject vehicle (and/or any of its component parts) and the scene of the subject incident (or any part thereof), taken at the time of, prior to, or after the occurrence of the subject incident.

4.     All photographs, slides, negatives, films, or videotapes, or X-rays, in your possession or control, depicting any injuries sustained by you as a result of the subject incident or depicting your post-incident medical condition.

5.     Copies of any and all hospital, medical, ambulance, or doctor's records, including x-rays, which relate to or concern injuries to and/or treatment of the plaintiff arising out of the subject incident. (Releases to the appropriate doctors, hospitals and ambulance services from plaintiff will suffice in lieu of production).

6.     Copies of any and all bills, receipts or invoices for medical, hospital, ambulance, and any other expenses which plaintiff claims are related to the subject incident and/or which plaintiff contends support or tend to support her damage claims in this case. (Releases to the appropriate doctors, hospitals and ambulance services from plaintiff will suffice in lieu of production).

7.     Your hospital, medical, ambulance, or doctor's records, including x-rays, for ten (10) years preceding the subject incident. (Releases to the appropriate doctors and hospitals from plaintiff will suffice in lieu of production.)

8.     All documents evidencing any damages you claim as a result of the events complained of in this suit.

3

9.      Copies of all statements, sketches or diagrams, whether written, transcribed or otherwise recorded, made by any witness to the subject incident, or by anyone who has or claims to have knowledge of how the subject incident happened, or by anyone with knowledge of the allegations in your Complaint.

10.     All communications, whether written or transcribed, between the plaintiff or her immediate family and anyone (other than plaintiff's attorneys) regarding the subject vehicle and/or the subject incident, including, but not limited to, communications to and from any governmental agency or insurance company.

11.     Copies of all writings, product brochures, promotional materials or advertisements, including films, videotapes or recording of same, concerning the subject vehicle, which were read, seen or heard by you prior to the subject incident.

12.     Copies of all police reports, Registry or Department of Motor Vehicle reports, operator's reports, incident reports, run reports, and any other documents prepared by or for any governmental, rescue, fire or law enforcement agency regarding the subject incident.

13.     Copies of all news accounts relating to the subject incident, whether written or electronic, and copies of all photographs or videotapes of the subject incident, the subject vehicle or the scene of the subject incident taken by any member of the news media in your possession, custody or control.

14.     Copies of all documents evidencing or reflecting payment for any claims arising out of the subject incident, including, but not limited to, checks made payable to plaintiff.

15.     All tickets or citations from any government entity issued as a result of the alleged incident.

16.     Copies of all releases, covenants or agreements given by you and/or anyone on your behalf to any person, firm or entity regarding any claims arising out of the subject incident.

17.     Copies of all maps and surveys of the scene of the subject incident or any part of thereof which are in plaintiff's possession or control.

18.     Copies of all proofs of loss, applications for benefits and written statements made by you concerning any injuries that you claim to have suffered as a result of the subject incident, and the occurrence of the subject incident, other than those submitted to plaintiff's attorneys.

19.     Copies of all alleged notice(s) of breach of express or implied warranty(ies) relating to the subject vehicle sent by, for, or on behalf of the plaintiff to any person or other entity prior to the commencement of this suit.

4

20. All documents upon which you base your contentions that DaimlerChrysler Corporation was negligent or in breach of express or implied warranty(ies) with respect to the subject vehicle.

21. All documents upon which you base your contention that "[t]he design of the vehicle under the steering column is such that an individual operating the vehicle with the seat moved forward is placed at risk of serious injury in the event of a collision."

22. All documents upon which you base your contention that your injuries complained of in your Complaint were a proximate result of a defect in the design, manufacture, or assembly of the subject vehicle or any of its component parts, including, but not limited to, the allegedly "unnecessarily hard and unyielding material located under the steering column of the vehicle."

23. Copies of all written or recorded communications between you or anyone acting on your behalf and DaimlerChrysler Corporation regarding the subject vehicle or the subject incident.

24. All documents relating to any judgments, settlements, compensation benefits, loss of wage benefits, social security payments, insurance or other payments you have received in connection with the injuries and damages alleged to have been sustained by you as a result of the subject incident.

25. All documents setting forth, describing, discussing, referring or relating to the condition of the subject vehicle before, at the moment of, and after the subject incident.

26. Copies of all documents or reports generated as a result of any inspection measurement, or test performed on the subject vehicle or its component parts after the subject incident.

27. Copies of all documents relating to the repair and maintenance history of the subject vehicle prior to the subject incident.

28. Copies of all documents which depict or describe any devices, materials or designs which you allege would have prevented or diminished your alleged injuries if incorporated into the subject vehicle.

29. All of the clothing that you were wearing at the time of the subject incident, with inspection to occur on a mutually agreeable date and time.

30. All documents relating to any effort taken by you or anyone on your behalf to preserve the subject vehicle for purposes of this litigation.

5

31.    All documents relating to any other litigation arising out of the subject incident or any other incident involving your vehicle prior to or subsequent to the October 7, 2002 incident.

32.    Any and all other documents identified in any of your answers to the interrogatories propounded by this defendant.

Defendant,
DaimlerChrysler Corporation
By its attorneys,

_____
Peter M. Durney, BBO # 139260
James P. Kerr, BBO # 534538
CORNELL & GOLLUB
75 Federal Street
Boston, MA  02110
(617) 482-8100

<u>CERTIFICATE OF SERVICE</u>

I, James P. Kerr, attorney for the defendant, DaimlerChrysler Corporation, hereby certify that on the _____ day of February, 2006, a true copy of the foregoing Defendant DaimlerChrysler Corporation's First Request for Production of Documents and Things to Plaintiff Deborah Sirotkin Butler, was served by mail, postage prepaid, directed to:

Jennifer M. Lamanna, Esq.
Ercolini & Lamanna
454 Broadway, Suite 306
Revere, MA  02151

_____
James P. Kerr



**Authorization For Use or Disclosure of Medical Record Information**

Lahey Clinic #: __L 171 1814__

| | | |
|---|---|---|
| ☑ 41 Mall Road Burlington MA 01805 | ☑ 1 Essex Center Drive Peabody, MA 01960 | ☑ 16 Hayden St Lexington, MA 02421 |

## Patient Information

Patient Full Name: **Deborah Sirotkin Butler**   Date of Birth: **7/18/48**

Patient Address: **19 Overlook Road**   Home Phone: **781-646-8204**

City: **Arlington**  State **MA**  Zip: **02474**   Work Phone: **781-641-9939**

## Release Information To

I hereby Authorize Lahey Clinic, Inc. & Lahey Clinic Hospital to release my Medical Record Information to:

☐ Mail Copies To *(address below)*    ☐ Hold for Patient Pick-up    ☐ Discuss Medical Record Information With *(address below)*

Name/Facility: _____   Attention: _____

Address: _____   Phone: _____

City: _____ State _____ Zip: _____   Fax: _____

Purpose of Request:  ○ * Personal   ○ * Continuing Care   ○ * Legal   ○ * Insurance   ○ * Other_____

*COPY FEE : We reserve the right to charge a reasonable fee for the cost of producing and mailing the copies.
Base fee of $15 per request plus $0.50 per page for first 100 pages, $0.25 per page for each page in excess of 100; envelopes & postage.

## Information to be Released

<u>**PLEASE BE SPECIFIC**</u> - include dates of treatment & provider name if applicable.

**all records including results of**   Date(s) of Treatment  **all dates**
**diagnostic testing, doctors visits &**   Date(s) of Treatment  **october 6, 2002**
**physical therapy**   Date(s) of Treatment  **from october on wards**

## Authorization for Release of Statutorily Protected Information

<u>**DO NOT Leave This Section Blank**</u> - The requested medical record MAY or MAY NOT contain information that is statutorily protected. You must check either "Yes" or "No" and initial each category to properly process your medical record request.

Release Records? Check one
Yes   or   No

| | | | |
|---|---|---|---|
| Mental Health **(N/A)** | ☑ | ☐ | Initial Here: **none known to** |
| Psychiatric Treatment Notes **(N/A)** | ☑ | ☐ | Initial Here: **none known** |
| HIV Tests & Related Information **(N/A)** | ☑ | ☐ | Initial Here: **none "** |
| Alcohol and/or Substance Abuse **(N/A)** | ☑ | ☐ | Initial Here: **none "** |

🛑 Please confirm that you have checked "Yes" or "No" and initialed all 4 protected information categories above even if they do not necessarily apply to the patient's records. Note - If information is not released and/or form is incomplete, Lahey may be unable to fulfill this request.

## Sensitive Information

Please check below any category of sensitive information that you <u>**DO NOT**</u> want released.

☐ Abortion   ☐ Sexually Transmitted Disease   ☐ AIDS/ARC
☐ Genetic   ☐ Domestic Sexual Assault   ☐ Other(s)

**Sign Here** ▶ *Deborah Sirotkin Butler*   **Date Here** ▶ **1-31-06**

Patient's Signature   Date*

_____   _____   **Know Your Privacy Rights**
Parent/Legally Recognized Representative Signature**   Date*   Refer to the HIPAA
   <u>**"PRIVACY NOTICE"**</u>

_____   _____
Witness   Date

*This Authorization is valid for 90 days (30 days for alcohol/drug abuse treatment) unless you specify other wise:_____. You may revoke this Authorization at any time by providing a written statement to the Health Information Management Department, except to the extent that Lahey has already completed action on it.
** By my signature, I attest that I am the legally recognized representative of the above mentioned patient in accordance with the following:_____
The information release pursuant to this Authorization may be redisclosed by the receiving institution or individual to other individuals or organizations that are not subject to privacy protection laws. Lahey will not condition treatment on payment of the provision of this Authorization.

11212  Rev. 9/05

## CORNELL & GOLLUB
ATTORNEYS AT LAW
75 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110

TELEPHONE (617) 482-8100
TELECOPIER (617) 482-3917
cgmail@cornellgollub.com

DAVID H. SEMPERT
PETER M. DURNEY°*
DAVID W. McGOUGH*⁺
THOMAS A. PURSLEY◊⁺
MARIE CHADEAYNE CHAFE△
JAMES P. KERR△
PATRICIA A. HARTNETT◊
GREGG A. BAILEY△
CHRISTINE A. KNIPPER
JAY W. HANNON
CARLO F. BONAVITA
JESSICA L. FRITZ°△
NORAH K. MALLAM°
KARA THORVALDSEN◊

ROBERT W. CORNELL
(1910-1987)
KARL L. GOLLUB
(1934-1985)

RHODE ISLAND OFFICE

148 MAIN STREET
WAKEFIELD, RHODE ISLAND 02879

TELEPHONE (401) 782-2072
TELECOPIER (401) 782-4941

△ ALSO ADMITTED IN CONNECTICUT
* ALSO ADMITTED IN MAINE
⁺ ALSO ADMITTED IN NEW HAMPSHIRE
° ALSO ADMITTED IN NEW YORK
** ALSO ADMITTED IN PENNSYLVANIA
◊ ALSO ADMITTED IN RHODE ISLAND

April 4, 2006

Lahey Clinic Medical Center
31 Mall Road
Burlington, MA 01805
Attn: Medical Records

RE:    Deborah Sirotkin Butler v. DaimlerChrysler Corporation

Dear Sir/Madam:

Enclosed please find a signed medical authorization and release form with regard to your treatment of Deborah Butler.  Kindly forward copies of **any and all records, including itemized bills,** in your possession of this patient, along with a letter certifying that they are a true and accurate copy.

If there is any charge for this service, please forward your bill and payment will be remitted promptly for reasonable copying costs.

Do not hesitate to call if you have any questions.  Thank you.

Very truly yours,

Sheryl A. Maselli, R.N.
Paralegal

SAM/bmh
Enclosure

# CORNELL & GOLLUB
ATTORNEYS AT LAW
75 FEDERAL STREET
BOSTON, MASSACHUSETTS 02110

TELEPHONE (617) 482-8100
TELECOPIER (617) 482-3917
cgmail@cornellgollub.com

DAVID H. SEMPERT
PETER M. DURNEY*◊
DAVID W. McGOUGH**◊
THOMAS A. PURSLEY◊*
MARIE CHADEAYNE CHAFE▵
JAMES P. KERR▵
PATRICIA A. HARTNETT◊
GREGG P. BAILEY▵
CHRISTINE A. KNIPPER
CARLO F. BONAVITA
JESSICA L. FRITZ*▵
NORAH K. MALLAM*
PAUL R. KENNEDY
LORENA D. CAMPOZANO

ROBERT W. CORNELL
(1910-1987)
KARL L. GOLLUB
(1934-1985)

RHODE ISLAND OFFICE

148 MAIN STREET
WAKEFIELD, RHODE ISLAND 02879

TELEPHONE (401) 782-2072
TELECOPIER (401) 782-4941

▵ ALSO ADMITTED IN CONNECTICUT
* ALSO ADMITTED IN MAINE
* ALSO ADMITTED IN NEW HAMPSHIRE
◊ ALSO ADMITTED IN NEW YORK
** ALSO ADMITTED IN PENNSYLVANIA
◊ ALSO ADMITTED IN RHODE ISLAND

October 17, 2006

Jennifer Lamanna, Esq.
ERCOLINI & LAMANNA
380 Pleasant Street, Suite 24
Malden, MA 02148

RE:     Deborah Sirotkin Butler v. DaimlerChrysler Corporation

Dear Ms. Lamanna:

I am enclosing for execution by Deborah Butler Releases for the following health care providers:

Metrowest Medical Center
Department of Radiology
115 Lincoln Street
Framingham, MA 01701

Cambridge Hospital
Department of Radiology
1493 Cambridge Street
Cambridge, MA 02139

Lahey Clinic Medical Center
Department of Radiology
41 Mall Road
Burlington, MA

Please return signed Releases to this office as soon as possible.  Thank you.

Very truly yours,

James P. Kerr

JPK/bmh
Enclosures

## AUTHORIZATION AND RELEASE FOR
## PROTECTED HEALTH INFORMATION
## (HIPAA COMPLIANT)

I hereby authorize the person(s) or entity(ies) identified in section (2), below, to release the information described in section (1), below, to the person(s) or entity(s) identified in section (3), below.

I authorize you to speak with persons from the law office of Cornell & Gollub about my treatment, including those persons listed in section (3) below.  I do not authorize you to discuss my treatment with persons other than Cornell & Gollub.

## I.    AUTHORIZATIONS

| Section 1:  Information to be used or disclosed |
| --- |
| CT scan films of right foot and ankle taken on 9/24/01 |
| Section 2:  Persons authorized to make the requested use or disclosure |
| Metrowest Medical Center<br>Department of Radiology<br>115 Lincoln Street<br>Framingham, MA 01701 |
| Section 3:  Persons to whom the requested use or disclosure should be made |
| James P. Kerr, Esq.<br>Cornell & Gollub<br>75 Federal Street<br>Boston, MA 02110<br><br>Purpose:  Litigation |
| Authorization Expiration:  Upon completion of Litigation |

## II.    CONDITIONS

**Right to Revoke.**  Submitting a written revocation of this authorization to Cornell & Gollub located at 75 Federal Street, Boston, Massachusetts 02110 will effectively revoke the authorization.  Revocation of this authorization may not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.

**Re-Disclosure.**  Information released by this authorization may be subject to re-disclosure and may therefore lose its protected status.

**Original Signature.**  An original signature is not required for effective authorization.

I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed, as provided in Title 45 CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized redisclsoure and the information may not be protected by federal confidentiality rules.

_____ (signature)

Name: Deborah Sirotkin Butler
Date:
DOB: 7/18/48

If signed by Legal Representative, Relationship to Patient:

_____

_____

Signature of Witness

Questions about this authorization must be directed to:

Cornell & Gollub
Attn.: Sheryl A. Maselli, R.N., Paralegal
75 Federal Street
Boston, MA  02110
Tele:  (617) 482-8100
Fax:  (617) 482-3917

## AUTHORIZATION AND RELEASE FOR
## PROTECTED HEALTH INFORMATION
## (HIPAA COMPLIANT)

I hereby authorize the person(s) or entity(ies) identified in section (2), below, to release the information described in section (1), below, to the person(s) or entity(s) identified in section (3), below.

I authorize you to speak with persons from the law office of Cornell & Gollub about my treatment, including those persons listed in section (3) below. I do not authorize you to discuss my treatment with persons other than Cornell & Gollub.

## I.    AUTHORIZATIONS

| Section 1: Information to be used or disclosed |
| --- |
| Cervical spine x-ray films taken on 7/30/01 |

| Section 2: Persons authorized to make the requested use or disclosure |
| --- |
| Cambridge Hospital<br>Department of Radiology<br>1493 Cambridge Street<br>Cambridge, MA 02139 |

| Section 3: Persons to whom the requested use or disclosure should be made |
| --- |
| James P. Kerr, Esq.<br>Cornell & Gollub<br>75 Federal Street<br>Boston, MA 02110<br><br>Purpose: Litigation |
| Authorization Expiration: Upon completion of Litigation |

## II.    CONDITIONS

**Right to Revoke.** Submitting a written revocation of this authorization to Cornell & Gollub located at 75 Federal Street, Boston, Massachusetts 02110 will effectively revoke the authorization. Revocation of this authorization may not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.

**Re-Disclosure.** Information released by this authorization may be subject to re-disclosure and may therefore lose its protected status.

**Original Signature.** An original signature is not required for effective authorization.

I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed, as provided in Title 45 CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized redisclsoure and the information may not be protected by federal confidentiality rules.

_____ (signature)\_\_\_\_

Name: Deborah Sirotkin Butler
Date:
DOB: 7/18/48

If signed by Legal Representative, Relationship to Patient:

_____

_____
Signature of Witness

Questions about this authorization must be directed to:

Cornell & Gollub
Attn.: Sheryl A. Maselli, R.N., Paralegal
75 Federal Street
Boston, MA 02110
Tele: (617) 482-8100
Fax: (617) 482-3917

## AUTHORIZATION AND RELEASE FOR
## PROTECTED HEALTH INFORMATION
## (HIPAA COMPLIANT)

I hereby authorize the person(s) or entity(ies) identified in section (2), below, to release the information described in section (1), below, to the person(s) or entity(s) identified in section (3), below.

I authorize you to speak with persons from the law office of Cornell & Gollub about my treatment, including those persons listed in section (3) below. I do not authorize you to discuss my treatment with persons other than Cornell & Gollub.

## I.    AUTHORIZATIONS

| Section 1: Information to be used or disclosed |
| --- |
| Any x-ray, MRI and CT scan films from 2001 to the present. |
| Section 2: Persons authorized to make the requested use or disclosure |
| Lahey Clinic Medical Center<br>Department of Radiology<br>41 Mall Road<br>Burlington, MA |
| Section 3: Persons to whom the requested use or disclosure should be made |
| James P. Kerr, Esq.<br>Cornell & Gollub<br>75 Federal Street<br>Boston, MA 02110<br><br>Purpose: Litigation |
| Authorization Expiration: Upon completion of Litigation |

## II.    CONDITIONS

**Right to Revoke.** Submitting a written revocation of this authorization to Cornell & Gollub located at 75 Federal Street, Boston, Massachusetts 02110 will effectively revoke the authorization. Revocation of this authorization may not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.

**Re-Disclosure.** Information released by this authorization may be subject to re-disclosure and may therefore lose its protected status.

**Original Signature.** An original signature is not required for effective authorization.

I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed, as provided in Title 45 CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized redisclsoure and the information may not be protected by federal confidentiality rules.

_____ (signature) _____

Name: Deborah Sirotkin Butler
Date:
DOB: 7/18/48


If signed by Legal Representative, Relationship to Patient:


_____


_____
Signature of Witness


Questions about this authorization must be directed to:

Cornell & Gollub
Attn.: Sheryl A. Maselli, R.N., Paralegal
75 Federal Street
Boston, MA  02110
Tele:  (617) 482-8100
Fax:  (617) 482-3917