UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 05-11679-JLT

**DEBORAH SIROTKIN BUTLER**  \*
         **Plaintiff**  \*
           \*
**v.**  \*
           \*
**DAIMLERCHRYSLER CORP.**  \*
         **Defendant**  \*

**JOINT PRETRIAL MEMORANDUM OF THE PARTIES**

(1)    (A)  <u>Plaintiff's Concise Summary of the Evidence</u>

The Plaintiff, Deborah Sirotkin Butler expects the evidence to show that on October 7, 2002, she was operating a leased 2000 Dodge Neon, designed and manufactured by the Defendant, DaimlerChrysler Corp., when her vehicle was struck in the rear by a vehicle operated by Ms. Charlotte Sanford. The 2000 Dodge Neon consists of the PL-class body type manufactured by DaimlerChrysler. Underneath the steering column of the vehicle are several opening in the dashboard material for bolts and other hardware, including an opening which allows the movement of a lever used when the steering column is adjusted. There is no protective covering over this lever to prevent the intrusion of the operator's extremities in the event of an accident which results in the operator of the vehicle being propelled into the dashboard, and no protective covering over the exposed bolts and hardware.

Mrs. Butler stands four feet eleven inches tall, and operated the vehicle with the driver's seat in the forward-most position on the track. Mrs. Butler did not modify the seat track of the vehicle in any way, and she did nothing to modify the way in which she operated the vehicle other than to move the seat as far forward as possible. As a result of the collision with Ms.

Sanford, Mrs. Butler was propelled forward into the area under the steering column. Because of her height, and her body's proximity to the dashboard caused by the necessary seat track position, Mrs. Butler's left knee came into contact with the exposed hardware under the steering column. Mrs. Butler sustained serious injuries to her left knee as a result of her collision with the exposed components under the steering column of her vehicle. DaimlerChrysler's manufacture and design of a vehicle which allows an operator to advance a seat in such a manner that even a minor rear-ending accident presents the danger of serious injury was the proximate cause of Mrs. Butler's injuries. At the time DaimlerChrysler designed, tested and manufactured the 2000 Dodge Neon, DaimlerChrysler did not utilize 5th percentile female dummies, and, as a result, had absolutely no data reflecting the safety of its design for individuals below the size of the 50th percentile hybrid male. Despite creating a designated seat track position which placed the operator in the dangerous position of being exposed to contact with a hard, unyielding surface, DaimlerChrysler provided the operator with no warnings of the lack of safety in the design. Because the vehicle could not be operated by Mrs. Butler without this risk, the vehicle is not fit for the purpose for which it was marketed by DaimlerChrysler and purchased by Mrs. Butler.

(B) Defendant's Concise Summary of the Evidence

DaimlerChrysler Corporation denies all allegations in the plaintiff's complaint, and disputes Plaintiff's Concise Summary of the Evidence.

This action arises from a minor two-vehicle collision involving a 2000 Dodge Neon and a 1995 Geo Prism on October 7, 2002 at the end of an off-ramp at the intersection of Routes 128 and the Middlesex Turnpike in Burlington, Massachusetts. The plaintiff, who was driving the subject vehicle, was at a stop light when the Geo Prism, operated by Charlotte Sanford, made

contact with the subject vehicle at low speed. Ms. Sanford's foot slipped off her brake pedal, allowing her vehicle to roll forward a short distance so that its front bumper struck the rear bumper of the subject vehicle. The resulting damage to the subject vehicle was appraised at $328.

Ms. Sanford, who sustained no injuries in the subject accident, backed her vehicle up and got out to discuss the accident with the plaintiff. She observed no damage to the Butler vehicle and no injuries to the plaintiff. The two women exchanged vehicle information at the scene, but neither contacted the police at the time of the incident. (Mrs. Butler later filed an Operator's Report with the local police department). Both women drove their vehicles away from the scene.

The subject vehicle was well-designed, and contained no defect that could have caused or contributed to cause plaintiff's injuries. Given the dynamics of the collision, there would have been no opportunity for Mrs. Butler to move forward so as to contact the under dash structures of the subject vehicle with her knees, and there is no evidence of such contact in the under dash area of the subject vehicle. As a restrained driver during the incident, Mrs. Butler would have moved rearwards with respect to her vehicle, with subsequent compression of the seat cushion as the vehicle moved a slight distance forward. In this low speed rear impact, plaintiff's body would not have rebounded forward measurably upon cessation of her vehicle's motion, and may, in fact, have been more closely coupled to the driver's seat than it was prior to the incident as a result of the restraint spooling up. The forces Mrs. Butler encountered in her vehicle during the incident were far below the threshold values for knee or cervical spine injuries. There was no biomechanical mechanism in the collision of October 7, 2002 that could have caused Mrs. Butler's ongoing medical conditions.

(2) <u>Facts established by Pleading, Stipulation or Admissions by Counsel.</u>

    A. Deborah Sirotkin Butler is an individual who resides at 19 Overlook Road, Arlington, Massachusetts.

    B. DaimlerChrysler Corporation is a Delaware corporation with a principal place of business of 1000 Chrysler Drive, Auburn Hills, Michigan, which engages in the sale of vehicles to authorized dealers throughout the United States, including the Commonwealth of Massachusetts.

    C. DaimlerChrysler Corporation at one time designed and manufactured a vehicle known as the 2000 Dodge Neon.

    D. Mrs. Butler was the lessor of a 2000 Dodge Neon in October of 2002.

    E. Mrs. Butler stands four feet, eleven inches tall.

(3) <u>Contested issues of fact</u>.

    A.    <u>Plaintiff's Position</u>

        1. Whether Mrs. Butler's use of the vehicle was contemplated, foreseeable and reasonable.

        2. Whether Mrs. Butler was injured while operating a 2000 Dodge Neon.

        3. Whether DaimlerChrysler Corporation was negligent in the design or manufacture of the 2000 Dodge Neon.

        4. Whether DaimlerChrysler Corporation negligently failed to warn or instruct the Plaintiff of the vehicle's dangerous characteristics, and/or advise her of the safe

and proper method of using the vehicle.

5. Whether Mrs. Butler's injuries are causally related to the design of the 2000 Dodge Neon; specifically, the maintenance of exposed hardware at driver's knee height in the area under the steering column..

6. Whether DaimlerChrysler Corporation expressly and/or impliedly warranted to the Plaintiff that the vehicle was safe, merchantable and fit for its intended purposes and uses.

7. Whether DaimlerChrysler Corporation breached these warranties.

8. Whether Plaintiff relied on these warranties and sustained injury due to her reliance and DaimlerChrysler Corporation's breach of those warranties.

9. Whether DaimlerChrysler Corporation knew or should have known of the 2000 Dodge Neon's dangerous and defective nature, and negligently placed the vehicle into the channels of trade.

10. Whether DaimlerChrysler Corporation's negligence is the proximate cause of Mrs. Butler's injuries.

B.    Defendant's Position

As stated in Defendant DaimlerChrysler Corporation's Motion to Preclude Expert Testimony and For Summary Judgment, the defendant submits that plaintiff has failed to meet her burden of proving a triable and genuine issue of material fact. Notwithstanding, the above, and since defendant's motion remains pending, the defendant states as follows:

1. The magnitude and direction of the forces that came to bear on the subject vehicle, and which plaintiff encountered in the course of the subject incident;

2. Whether DaimlerChrysler Corporation was prejudiced by plaintiff's late notice of an alleged breach of warranty;

3. Whether or not there was defect in the design of the subject vehicle beneath the steering column when the vehicle left the control of DaimlerChrysler Corporation;

4. Assuming *arguendo* that there was such a defect, whether it was the factual and proximate cause of the injuries Deborah Butler alleges she sustained in the subject incident.

Please see also DaimlerChrysler Corporation's Affirmative Defenses.

(4)   <u>Jurisdictional Questions</u>.

None.

(5)   <u>Questions raised by pending motions</u>.

    A.    <u>Plaintiff's Position</u>

DaimlerChrysler Corporation has filed a motion pursuant to FRCP 56, alleging that it is entitled to judgment as a matter of law on both counts of the Complaint, as Mrs. Butler will be unable to prove an essential element of her claim at trial. Daimler Chrysler asserts that expert testimony is required to prove that the area under the steering column in the 2002 Dodge Neon contained exposed bolts and an opening with an exposed lever in the otherwise solid material. It is the plaintiff's position that expert testimony is not needed for the jury to determine that the maintenance of these exposed components in an area where the driver's knees would be in close proximity could cause injury to a driver in the event of a collision. The subject matter, the defect claimed by Mrs. Butler, is hardly beyond the scope of the common knowledge and experience of the jury, and is capable of being readily understood without the assistance of an expert.

    B.    <u>Defendant's Position</u>

**Defendant DaimlerChrysler Corporation's Motion to Preclude Expert Testimony and for Summary Judgment.**

The defendant has moved, pursuant to Fed. R. Civ. P. 26(a)(2) and 37(c)(1) to preclude any untimely disclosed expert testimony offered on behalf of plaintiff, and

further has moved for summary judgment pursuant to Fed. R. Civ. P. 56 on all claims alleged by the plaintiff.

The defendant is seeking summary judgment on the grounds that plaintiff has failed to either identify experts or provide expert reports by the respective deadlines of August 31 and September 29, 2006 as required by the Court's May 9 Scheduling Order. Thibeault v. Square D Co., 960 F.2d 239, 244 (1st Cir. 1992); Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico, 248 F.3d 29, 35 (1st Cir. 2001) (citations omitted); Wilson v. Bradlees of New England, Inc., 250 F.3d 10, 19-20 (1st Cir. 2001).

Plaintiff's action is based entirely on product liability claims. Plaintiff alleges in her Complaint that "[t]he design of the [subject 2000 Dodge Neon] under the steering column is such that an individual operating the vehicle with the seat moved forward is placed at risk of serious injury in the event of a collision." As a matter of law, plaintiff cannot prove the requisite elements of those claims without qualified expert testimony concerning the existence of an alleged defect and well as a causal connection between the alleged defect and her alleged injuries. Without such testimony, plaintiff cannot create a genuine issue of material fact for the jury. The defendant is therefore entitled to judgment as a matter of law. See Goffredo v. Mercedes-Benz Truck Co., Inc., 402 Mass. 97, 104 (1988); Makuc v. American Honda Motor Co., 835 F.2d. 389, 392 (1st Cir. 1987), citing Calvanese v. W.W. Babcock Co., Inc., 10 Mass.App.Ct. 726, 734 n.9 (1980).

(6)  Issues of Law

    A.  Plaintiff's Position

A genuine issue of material fact exists for the jury based upon the testimony of the Plaintiff, her medical records, diagnostic testing results and the observations of her treating physicians as to the nature, cause and extent of her injury. These facts are well within the scope of the common knowledge and experience of the jury, and are capable of being readily understood without the assistance of an expert.

    B.  Defendant's Position

1.  The defendant is entitled to judgment as a matter of law on all counts of plaintiff's Complaint based upon plaintiff's failure to identify experts or provide expert reports by the respective deadlines of August 31 and September 29, 2006 as required by the Court's May 9 Scheduling Order. In the absence of expert testimony, plaintiff cannot create a genuine issue of material fact for the jury regarding her product liability claims. See Goffredo v. Mercedes-Benz Truck Co., Inc., 402 Mass. 97, 104 (1988); Makuc v. American Honda Motor Co., 835 F.2d. 389, 392 (1st Cir. 1987), citing Calvanese v. W.W. Babcock Co., Inc., 10 Mass.App.Ct. 726, 734 n.9 (1980).

2.  If the case proceeds to trial, the defendant may file motions in limine seeking to preclude testimony by the plaintiff and her treating physicians that the subject incident was the proximate cause and the cause in fact of plaintiff's alleged injuries, based on these witnesses' lack of qualifications to give such testimony, the lack of an adequate factual basis for such testimony and its resulting unreliability. Fed.R.Evid. 701; Keller v. United States, 38 F.3d 16, 31 (1st Cir. 1994); United States v. Hall, 93 F.3d 1337 (7th Cir. 1996).

(7) <u>Requested Amendments to the Pleadings.</u>

Mrs. Butler requests that her Complaint be amended to reflect the correct name of the defendant, DaimlerChrysler Corporation.

(8) <u>Additional matters</u>.

None at this time.

(9) <u>Probable Length of Trial</u>.

Three to four days.

(10) <u>Witnesses</u>.

    A.    <u>For Plaintiff</u>:

Deborah Sirotkin Butler, 19 Overlook Road, Arlington, MA 02474.

Marc Butler, 19 Overlook Road, Arlington, MA 02474

Sara Butler, 19 Overlook Road, Arlington, MA 02474

Sam Butler, 19 Overlook Road, Arlington, MA 02474

Robert B. Liberman, M.D., Lahey Clinic, Hospital Road, Arlington, MA 02474

Gerald S. Harris, M.D., ISCD, Lahey Clinic, Hospital Road, Arlington, MA 02474

Brian Jolley, M.D., Lahey Clinic, Hospital Road, Arlington, MA 02474

Robert A. Provost, Jr., M.D., Lahey Clinic, Hospital Road, Arlington, MA 02474

    B.    <u>For Defendant</u>:

The defendant may call all or some of the following witnesses:

1. Dr. Nicholas J. Durisek, Tandy Engineering and Associates, 32100 Dobbin Huffsmith Road, Magnolia, TX 77354

2. Dr. Harry L. Smith, Biodynamic Research Corporation, 5711 University Heights Boulevard, Suite 100, San Antonio, TX 78249

3. Charlotte Sanford, 35 Everett Street, Apartment 1, Arlington, MA 02474

4. Mark Crossman, DaimlerChrysler Corporation, 1000 Chrysler Drive, Auburn Hills, MI 48326

5. Guy Nusholtz, DaimlerChrysler Corporation, 1000 Chrysler Drive, Auburn Hills, MI 48326

6. Shawn Doiron, Gray Road, Shapleigh, ME

7. Ivanov Auto Sales, 56 Warren Avenue, Portland, ME 04103

8. Madaline Langley, 16 Westland Avenue, Biddeford, ME 04005

9. Barbara A. Hannigan-Beath, 15A Greymere Road, Brighton, MA 02135

10. Steven Tower, Investigative Resources, 95 Church Street, Pembroke, Massachusetts 02359 (only if necessary for proof regarding the chain-of-custody of the subject vehicle).

11. Keeper of Records, Commerce Insurance Company, 11 Gore Road, Webster, MA 01570

12. Keeper of Records, Liberty Mutual Group, 222 Rosewood Drive, Danvers, MA 01923

13. Keeper of Records, Burlington Police Department, 45 Center Street, Burlington, MA 01803 (supplied plaintiff's Operator's Report for subject accident)

14. Keeper of Records, Eastern Bank, 270 Union Street, Lynn, MA 01901

15. Keeper of Records, Massachusetts Registry of Motor Vehicles, One Copley Place, 1st Floor, Boston, MA 02116

16. Keeper of Records, Burlington Dodge, 90 Middlesex Turnpike, Burlington, MA 01803

17. Keeper of Records, Co-Part Auto Salvage, 136 Kennebunk Pond Road, Alfred, ME 04002

18. Keeper of Records, Travelers Insurance Company

19. Keeper of Records, DC Towing, 4 Tow Truck Lane, Kennebunk, ME 04043-6942

20. Keeper of Records, Arbella Mutual Insurance Company, 1100 Crown Colony Avenue, Quincy, MA 02169-0934

21. Keeper of Records, Metrowest Medical Center, Framingham, MA

22. Keeper of Records, Henry's Towing, 55 Pearl Street, Framingham, MA 01701

23. Keeper of Records, Framingham Police Department, 1 William H. Welch Way, Framingham, 01702

24. Keeper of Records, Knox Auto Body, 345 Shapleigh Corner Road, Shapleigh, ME 04076

25. Keeper of Records, Dudley Street Auto Body, 34 Dudley Street, Arlington, MA

26. Keeper of Records, Robert B. Liberman, M.D., Lahey Clinic-Arlington, Hospital Road, Arlington, MA 02474

27. Keeper of Records, Gerald S. Harris, M.D., Lahey Clinic-Arlington, Hospital Road, Arlington, MA 02474

28. Keeper of Records, Brian Jolley, M.D., Lahey Clinic-Arlington, Hospital Road, Arlington, MA 02474

29. Keeper of Records, Jr., M.D., Lahey Clinic-Arlington, Hospital Road, Arlington, MA 02474

30. Keeper of Records, David S. Harrison, M.D., Cambridge Hospital, 1493 Cambridge Street, Cambridge, MA 02139

31. The defendant hereby incorporates by reference and adopts the witness list of the plaintiff in this case and reserves the right to call any or all of those witnesses.

32. The defendant reserves the right to supplement this list of witnesses with individuals not presently listed, in rebuttal to plaintiff's witnesses as needed.

(11) Proposed Exhibits.

   A. For plaintiff:

   1. Certified medical records and bills of doctor, hospital and physical therapy treatment received from Lahey Clinic, Arlington, MA.

2. Copy of Plaintiff's Operator's Report detailing circumstances of subject accident.

3. Plaintiff's Federal Income Tax Returns for 2001, 2002, 2003, 2004, and 2005.

4. Photographs of Plaintiff and Plaintiff's vehicle post-accident.

5. Service, maintenance and repair records for Plaintiff's Dodge Neon in possession of Burlington Dodge, 90 Middlesex Turnpike, Burlington, MA 01803.

B. For defendant:

1. Plaintiff's Operator's Report to the Burlington Police Department, dated October 7, 2002

2. Commonwealth of Massachusetts Operator's Report of Motor Vehicle Accident, dated July 30, 2001

3. Plaintiff's drawing of impact to subject vehicle in the October 7, 2002 accident

4. Metrowest Medical Center medical records for plaintiff

5. Lease documents for subject vehicle from Burlington Dodge / Eastern Bank

6. Settlement Agreement and Release of Deborah Sirotkin Butler and Charlotte Sanford, dated June 24, 2005

7. Medical record dated June 6, 2005

8. Plaintiff's diagram of May 8, 2005 motor vehicle accident

9. Plaintiff's diagram of subject accident

10. Commerce Insurance Company Accident Report Form, dated November 18, 2002

11. Accident notes dated October 7, 2002

12. Charlotte Sanford's diagram of subject accident

13. Plaintiff's Commerce Insurance Company Application for Benefits, dated October 15, 2002

14. Photograph of damage to subject vehicle from subject incident taken by Commerce Insurance

15. Expert Report of Dr. Harry L. Smith

14

16. Photographs of subject vehicle taken by Dr. Harry L. Smith on 10/10/06

17. Injury diagram

18. Occupant kinematics illustration depicting effect of rear impact on driver

19. Medical timeline -- pre incident and post incident, with associated injury mechanism illustrations

20. Medical records:
    Dr. Edward J. Mostone
    Lahey Clinic
    Metro West Medical Center
    Healthsouth
    Cambridge Hospital
    Insurance Correspondence
    IME - Dr. Panos G. Panagakos

21. Illustrations depicting the mechanism for an anterior cruciate ligament injury

22. Illustrations depicting the mechanism for a lateral meniscal injury

23. Illustrations depicting the mechanism for a bone marrow edema injury

24. Leg posture comparison illustration

25. Radiographs:

    Lahey Clinic:
        09/14/01 Foot (right or left not specified)
        10/08/02 Both feet
        11/14/02 MRI left knee
        03/25/03 Bone Density Reading
        04/01/03 Bilateral knees
        04/11/03 Weight-bearing studies
        06/06/05 Right hip and MRI of the right hip
        07/12/05 CT of the right hip/acetabulum
    Metro West Medical Center:
        07/30/01 cervical spine
    Cambridge Hospital:
        09/24/01 CT of the right ankle/foot

26. All vehicle inspection photos

27. All exemplar vehicle/surrogate photos

28. Expert Report of Dr. Nicholas J. Durisek

29. Tandy Engineering & Associates Casebook and Referenced Information

30. Tandy Engineering & Associates Vehicle Inspection Photographs

31. Tandy Engineering & Associates Scene Inspection Photographs

32. Tandy Engineering & Associates Vehicle Inspection Notes

33. Tandy Engineering & Associates Scene Inspection Notes

34. Operator's Report and Diagram

35. Scene and Vehicle Photographs Provided by Plaintiffs and/or Defense

36. Repair Records

37. Drawings, Analyses, and/or Animations by Plaintiffs, if applicable

38. Tandy Engineering & Associates Reconstruction Diagram

39. Tandy Engineering & Associates Reconstruction Analyses

40. Scale Vehicle Models

41. The defendant hereby reserves the right to use any or all of the exhibits identified by plaintiff above.

42. The defendant reserves the right to supplement this list of exhibits with items not presently listed, in rebuttal to plaintiff's proposed exhibits as needed.

(12)  Objections to Disclosure pursuant to Fed. R. Civ. P. 26(a)(3).

   A.  Plaintiff's Position

       None.

   B.  Defendant's Position

       The defendant objects to the relevance of documents (including photographs) and witness testing offered by plaintiff in this case where no experts have been designated and no expert opinions properly and timely disclosed.

See Section 6B above, and the defendant's pending Motion to Preclude Expert Testimony and for Summary Judgment

Respectfully submitted,

| Plaintiff, | Defendant, |
|---|---|
| Deborah Sirotkin Butler, | DaimlerChrysler Corporation, |
| By her attorney, | By its attorneys, |

| /s/Jennifer M. Lamanna | /s/ Peter M. Durney |
|---|---|
| Jennifer Lamanna, BBO #637434 | Peter M. Durney, BBO# 451560 |
| jenniferlamanna@verizon.net | PDurney@cornellgollub.com |
| ERCOLINI & LAMANNA | James P. Kerr, BBO # 564538 |
| 454 Broadway, Suite 306 | JKerr@cornellgollub.com |
| Revere, MA  02151 | CORNELL & GOLLUB |
| (781) 284-2768 | 75 Federal Street |
|  | Boston, MA  02110 |
|  | (617) 482-8100 |

**CERTIFICATE OF SERVICE**

I, Peter M. Durney, attorney for defendant DaimlerChrysler Corporation, hereby certify that on the 6th day of December, 2006, a true copy of the foregoing Pretrial Memorandum of the Parties Pursuant to United States District Court Local Rule 16.5, will be filed through the ECF system and sent electronically to the registered participants as identified on the Notice of Electronic Filing.

/s/ Peter M. Durney
Peter M. Durney