UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| DEBORAH SIROTKIN BUTLER, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 05-11679-JLT |
| | * | |
| CHRYSLER CORPORATION, | * | |
| | * | |
| Defendant. | * | |

ORDER

March 5, 2007

TAURO, J.

After examining the Parties' submissions, this court hereby orders:

1. Despite the Parties' assertions, the proper standard to apply to this case is the crashworthiness standard. Under Massachusetts case law, a plaintiff will meet her burden under the crashworthiness doctrine if she can prove (1) a crash such as the one at issue was reasonably foreseeable to the manufacturer; (2) the design of the area at issue made it unreasonably dangerous for use in the circumstances of such a crash; and (3) because of the design, the plaintiff was injured more seriously than she would have been had the car been reasonably designed.[1]

2. As to the question of unreasonable design and seriousness of medical injury, expert testimony is often required where the subject matter is outside the understanding

---

[1] Lally v. Volkswagen Aktiengesellschaft, 698 N.E.2d 28, 34 (Mass. App. Ct. 1998).

of a jury.[2] But where a simple unsafe protrusion makes a design defective, an expert is not required.[3] Similarly, though an expert is needed to explain causation of complex medical conditions,[4] one is not required "where clear symptoms and incapacity have closely followed an injury."[5] Although Plaintiff has produced very little evidence regarding the crash, her sworn statements that her knee struck "a sharp protruding object"[6] and that subsequent "excruciating pain"[7] arose after the accident are sufficient under Massachusetts law to create a question of material fact for the jury on the question of defectiveness and causation. Accordingly, Defendant's Motion for Summary Judgment [#16] is DENIED.

3. In clarification of its earlier Order [#22] which ruled that "Plaintiff is precluded from calling an expert at trial," the court holds that this order will not be read as precluding percipient and opinion testimony of any of Plaintiff's treating

---

[2] White v. Nissan Motor Corp., 10 Mass. L. Rep. 533 (Mass. Super. Ct. 1999) (requiring an expert where Plaintiff would have to show that a complex seat design was unreasonable considering possible alternatives).

[3] See Smith v. Ariens Co., 377 N.E.2d 954, 958 (Mass. 1978) (deciding that not requiring an expert where the defect was simply a question of "the existence and placement of the protrusions and the absence of guards to cover them.")

[4] See Kaye v. Newhall, 249 N.E.2d 583, 585 (Mass. 1969) (ruling that allowing the jury to consider the cause of Plaintiff's impotence without expert testimony simply "invited them to indulge in sheer speculation.").

[5] Lovely's Case, 146 N.E.2d 488, 491 (Mass. 1957); Bailey v. Cataldo Ambulance Serv., 832 N.E.2d 12, 18 (Mass. App. Ct. 2005) ("Causation is, fairly, a matter of degree, and clearly there are cases involving medical issues where no expert opinion whatsoever would be necessary to establish legal causation.")

[6] Aff. of Pl. Deborah Sirotkin Butler in Supp. of her Opp. to Def.'s Mot. for Summ. J., ¶ 3.

[7] Id. at ¶ 10.

physicians.

IT IS SO ORDERED.

    /s/ Joseph L. Tauro
United States District Judge